UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

    Plaintiff,

v.                                                     Case No: 8:23-mc-24-KKM-JSS

LEE SEGAL,

    Third Party Custodian.
_____/

**ORDER**

    Plaintiff State Farm Mutual Automobile Insurance Company moves to compel Lee Segal to produce documents in response to a subpoena issued by the United States District Court for the Eastern District of Michigan in *State Farm Mut. Auto. Ins. Co. v. Sam Hakki et al.*, No. 2:21-cv-11940-DPH-APP (E.D. Mich.). (Motion, Dkt. 1.) Upon consideration, Plaintiff's Motion is granted.

    Plaintiff initiated this miscellaneous action by filing the Motion with this court on September 11, 2023. (*Id.*) According to Plaintiff, Segal is not a party to the Michigan action and the subpoena seeks discovery to be taken within the jurisdiction of this court. (*Id.*) Segal was served with the Motion by U.S. Mail on September 11, 2023 (*id.*) and was subsequently served with the Motion by individual service on September 19, 2023 (Dkt. 11). Plaintiff also served a file-stamped copy of the Motion on Defendants in the Michigan action on September 11, 2023. (Dkt. 1 at 7–8.) Segal

failed to timely respond to the Motion, nor did any party in the Michigan action appear to contest the Motion. *See* M.D. Fla. Loc. R. 3.01(c). On October 2, 2023, the court ordered Segal to respond to the Motion on or before October 13, 2023. (Dkt. 12.) Segal again did not respond to the Motion. The court therefore treats Plaintiff's Motion as unopposed in accordance with Middle District of Florida Local Rule 3.01(c).

"Under Fed. R. Civ. P. 45, subpoenaed parties are required to 'produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control.'" *Gonzalez v. Verfruco Foods, Inc.*, No. 21-12922, 2023 WL 1794391, at *3 (11th Cir. Feb. 7, 2023) (citing Fed. R. Civ. P. 45(a)(1)(A)(iii)) (emphasis removed). Discovery sought through a Rule 45 subpoena is subject to the same scope of permissible discovery as under Federal Rule of Civil Procedure 26. *See Woods v. On Baldwin Pond, LLC*, No. 6:13-cv-726-Orl-19DAB, 2014 WL 12625078, at *1 (M.D. Fla. Apr. 2, 2014); *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005). Rule 26(b) limits the scope of permissible discovery to "any nonprivileged matter that is relevant to any party's claim or defense or proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see also Akridge v. Alfa Mut. Ins. Co.*, 1 F.4th 1271, 1276 (11th Cir. 2021). A subpoena under Rule 45 "must issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(2). However, a motion to compel a nonparty to produce discovery "must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2).

In the Motion, Plaintiff seeks to compel Segal's responses to 14 document requests within the subpoena that are related to Segal's and his law firm's relationships and transactions with Defendants in the Michigan action and their affiliates. (Dkt. 1; Dkt. 1-12.) Plaintiff argues that the information sought is relevant and proportional to its claims brought in the Michigan action. (Dkt. 1 at 5–6.) When the party seeking discovery meets its burden of establishing that the information sought is relevant and proportional to the case, the objecting party then bears the burden to show that the requested information is outside the scope of permissible discovery. *See U.S. v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978); *see also Malibu Media, LLC v. John Does 1-35*, No. 2:12-cv-178-FtM-99, 2012 WL 4513050, at *4 (M.D. Fla. Aug. 15, 2012), *report and recommendation adopted,* 2012 WL 4604544 (M.D. Fla. Oct. 2, 2012). As discussed above, Segal has not opposed the Motion, nor has any party to the Michigan action filed an objection to the subpoena. *See* Fed. R. Civ. P. 45(d)(3). Upon consideration, the court finds that Plaintiff has met its burden to establish that the information sought in the subpoena is relevant and proportional to the needs of the Michigan action, and, considering their non-opposition to the Motion, neither Segal nor any party to the Michigan action have met their burden to establish that the information sought is outside the permissible scope of Rule 26(b). *See, e.g.*, *Benz v. Crowley Logistics, Inc.*, No. 3:15-cv-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (after the moving party demonstrates that the requested discovery is relevant and proportional, the burden shifts "to the resisting party to show specifically the reason for resisting the

requested discovery") (citing *Henderson v. Holiday CVS, L.L.C.*, 269 F.R.D. 682, 686 (S.D. Fla. 2010)).

Accordingly:

1. Plaintiff's Motion to Compel Lee Segal to Produce Marketing Documents (Dkt. 1) is **GRANTED**.

2. Segal is ordered to respond to Plaintiff's subpoena (Dkt. 1-12) within 14 days of this order.

3. Plaintiff is directed to serve copies of this order on counsel for Segal, if any, and on all parties to the Michigan action, *State Farm Mut. Auto. Ins. Co. v. Sam Hakki et al.*, No. 2:21-cv-11940-DPH-APP (E.D. Mich.), and file proof of such service with the court.

**ORDERED** in Tampa, Florida, on October 16, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party Lee Segal at **3490 Woodridge Lane, Palm Harbor, Florida 34684** and **P.O. Box 4867, Clearwater, Florida 33758-4867**.