UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Plaintiff,

v.                                           Case No. 8:23-mc-24-KKM-SPF

LEE SEGAL,

    Defendant.
_____/

## **ORDER**

    Before the Court is Plaintiff State Farm Mutual Automobile Insurance Company's ("State Farm") Motion for Sanctions and to Compel Defendant Lee Segal to Produce All Documents Responsive to State Farm Mutual's Subpoena (Doc. 31). Defendant has not responded to the motion, and the time to do so has expired. *See* L.R. 3.01(c), M.D. Fla. (party opposing motion must file response in opposition within 14 days after service). Therefore, the motion is deemed unopposed. *See id.* ("If a party fails to timely respond, the motion is subject to treatment as unopposed."); *Legends Collision Ctr., LLC v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-6006-ORL-31TBS, 2016 WL 3406409, at *1 (M.D. Fla. June 21, 2016) (stating that a party's failure to respond to a motion indicates the motion is unopposed).

    On October 16, 2023, the Court granted Plaintiff's Motion to Compel Lee Segal to Produce Marketing Documents (Doc. 1) and directed Defendant to respond to Plaintiff's subpoena within 14 days (Doc. 13). Thereafter, Defendant filed a request to abate the Court's order (Doc. 16). The Court held a hearing on Defendant's motion (Doc. 24), and ultimately denied Defendant's request (Doc. 25). In that Order, the Court directed Defendant to produce

documents responsive to the Subpoena on or before January 5, 2024. The Court also directed the parties to confer regarding the searching of Defendant's personal emails.

After the Court entered its Order, Defendant made a small production of fifty-six pages of documents. Plaintiff states that Defendant's production is deficient because it does not contain certain documents that Defendant has admitted exist, and Defendant has refused to identify how he searched for responsive documents or whether any documents are being withheld (Doc. 31 at 9–12). As a result, Plaintiff seeks an order requiring, at Defendant's expense, a forensic investigator to conduct an examination of Defendant's electronic devices and email accounts for documents and communications responsive to the Subpoena.

As Defendant has not opposed Plaintiff's motion, the request for a forensic examination of Defendant's devices is granted. While the Court is mindful of the potential intrusiveness of forensic examinations, Defendant has demonstrated either his unwillingness or his inability to comply with his discovery obligations. Indeed, Defendant initially failed to respond to the Subpoena, forcing Plaintiff to initiate this action. Defendant then failed to respond to Plaintiff's motion to compel. Only after the Court entered an order granting Plaintiff's motion did Defendant attempt to seek relief from the Subpoena. When that attempt failed, Defendant made a small—and apparently deficient—production but has otherwise refused to even inform Plaintiff's counsel how he conducted his search, thereby necessitating the filing of the instant motion. Finally, Defendant failed to even respond to this motion. As a result, "the scales tip in favor of compelling forensic imaging." *Wynmoor Cmty. Council, Inc. v. QBE Ins. Corp.*, 280 F.R.D. 681, 687 (S.D. Fla. 2012) (citations omitted).

The parties shall follow the protocol detailed in Plaintiff's motion (Doc. 31 at 18). Namely, the parties are directed to confer upon an independent examiner within fourteen

days of the date of this Order. If the parties are unable to agree upon an examiner within this time period or if Defendant again fails to comply with his obligation to confer, Plaintiff shall file a notice informing the Court, and the Court will appoint an examiner. The examiner will search Defendant's email accounts and devices using the search terms Plaintiff previously provided Defendant. The examiner will then provide the documents generated by the search to Defendant's counsel, who will then either produce all responsive documents or identify those responsive documents not produced on a privilege log within fourteen days that Segal's counsel receives the responsive documents from the examiner. If Defendant fails to produce the documents or privilege log to Plaintiff within the fourteen days, then the forensic examiner shall produce the documents to Plaintiff's counsel. Finally, the examiner shall provide a signed affidavit detailing the steps he or she took in searching Segal's email accounts and electronic devices.

Finally, Plaintiff also requests its reasonable fees and expenses incurred in bringing this motion as sanctions for Defendant's failure to comply with this Court's orders. Rule 45(g) authorizes a court to "hold in contempt a person, who having been served, fails without adequate excuse to obey [a] subpoena or an order related to it." Fed. R. Civ. P. 45(g). "Courts also have the inherent power to enforce compliance with their lawful orders through civil contempt." *Whatley v. World Fuel Servs. Corp.*, No. 20-20993-MC, 2020 WL 4818924, at *2 (S.D. Fla. Aug. 19, 2020) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)). "Civil contempt therefore provides courts with a sanction to enforce compliance with [a subpoena or] order of the court or to compensate a complainant for losses or damages sustained by reason of noncompliance." *Whatley*, 2020 WL 4818924, at *2; *see also F.T.C. v. Leshin*, 719 F.3d 1227, 1231 (11th Cir. 2013) ("[S]anctions in civil contempt proceedings may be

employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained."). These civil contempt sanctions may include, among other things, a coercive daily fine, a compensatory fine, attorney's fees and expenses, and coercive incarceration. *See Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991).

The party seeking civil contempt must show by clear and convincing evidence that the alleged contemnor violated the court's prior orders. *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998). "This requires proving that (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *S.E.C. v. Greenberg*, 105 F. Supp. 3d 1342, 1345 (S.D. Fla. 2015) (quoting *Ga. Power Co. v. N.L.R.B.*, 484 F.3d 1288, 1291 (11th Cir. 2007)). "To meet the initial burden for a finding of civil contempt, a moving party need only show that defendant failed to comply with the court's order." *Van De Velde NV v. Felder*, No. 15-24096-CIV, 2017 WL 8895345, at *2 (S.D. Fla. May 25, 2017) (citing *United States v. Rylander*, 460 U.S. 752, 755 (1983)), *report and recommendation adopted*, 2017 WL 8895340 (June 16, 2017). Once this prima facie showing of a violation is made, the burden then shifts to the alleged contemnor "to produce evidence explaining his noncompliance" at a "show cause" hearing. *Chairs*. 143 F.3d at 1436 (citations omitted).

Considering the foregoing, Plaintiff's request for sanctions is granted in part, to the extent the Court will require Defendant to show cause why he should not be found in contempt for failure to follow the Court's order. The Court otherwise defers ruling on Plaintiff's request for attorney's fees and costs associated with this motion. The Court will determine Plaintiff's request for expenses in connection with the show cause hearing.

Accordingly, it is hereby **ORDERED**:

1. Plaintiff State Farm Mutual Automobile Insurance Company's Motion for Sanctions and to Compel Defendant Lee Segal to Produce All Documents Responsive to State Farm Mutual's Subpoena (Doc. 31) is **GRANTED IN PART** as set forth below:

2. Plaintiff's request that Defendant produce all documents responsive to Plaintiff's Subpoena is **GRANTED**.

3. Plaintiff's request for a forensic examination of Defendant's devices is **GRANTED**. The parties are directed to follow the protocol for a forensic investigation detailed in this Order. The parties shall confer on the selection of an independent examiner within 14 days of the date of this Order.

4. Within 14 days of the date of this Order, Defendant shall **SHOW CAUSE** why he should not be found in contempt for his failure to comply with this Court's order (Doc. 25). The Court will separately schedule a hearing on this order to show cause.

5. The Court **DEFERS RULING** on Plaintiff's request for attorney's fees and costs associated with bringing its motion.

6. If Defendant violates any portion of this Order, he risks the Court finding him in contempt. *See* Fed. R. Civ. P. 45(g).

**ORDERED** in Tampa, Florida, September 23, 2024.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE