UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Plaintiff,

v.    Case No. 8:23-mc-24-KKM-SPF

LEE SEGAL,

    Defendant.
_____/

## **ORDER**

This matter is before the Court *sua sponte*. On October 16, 2023, the Court granted Plaintiff's Motion to Compel Lee Segal to Produce Marketing Documents (Doc. 1) and directed Defendant to respond to Plaintiff's subpoena within 14 days (Doc. 13). Thereafter, Defendant filed a request to abate the Court's order (Doc. 16). The Court held a hearing on Defendant's motion (Doc. 24), and ultimately denied Defendant's request (Doc. 25). In that Order, the Court directed Defendant to produce documents responsive to the Subpoena on or before January 5, 2024. The Court also directed the parties to confer regarding the search of Defendant's personal emails.

After the Court entered its Order, Defendant made a small production of fifty-six pages of documents. Plaintiff found Defendant's production deficient because it did not contain certain documents that Defendant has admitted exist, and Defendant refused to identify how he searched for responsive documents or whether any documents were being withheld (*See generally* Doc. 31). As a result, Plaintiff again moved to compel Defendant's compliance with its subpoena and also requested sanctions—in the form of attorney's fees—for Defendant's violation of this Court's order (*Id.*). As part of the requested relief, Plaintiff sought an order

requiring, at Defendant's expense, a forensic investigator to conduct an examination of Defendant's electronic devices and email accounts for documents and communications responsive to the Subpoena (*Id.*). Defendant failed to respond to Plaintiff's motion, and as a result, the Court granted Plaintiff's request for a forensic examination of Defendant's devices (Doc. 34). In doing so, the Court directed the parties to follow the protocol for a forensic investigation detailed in the order, including the instruction that the examiner was to "search Defendant's email accounts and devices using the search terms Plaintiff previously provided Defendant." (*Id.* at 4). The parties were ordered to confer on the selection of a forensic examiner within fourteen days. If the parties were unable to agree upon an examiner or if Defendant failed to comply with his obligation to confer, then Plaintiff was directed to file a notice informing the Court of same. By the same order, the Court ordered Defendant to show cause why he should not be found in contempt for failure to follow the Court's order within fourteen days and scheduled a show cause hearing. The Court deferred ruling on Plaintiff's request for attorney's fees, explaining that it would resolve that issue in connection with the show cause hearing. Finally, the Court warned Defendant that if he failed to comply with any portion of the order he risked being found in contempt (*Id.*).

After the Court issued its Order, Plaintiff filed a notice informing the Court that Defendant had been belatedly raising objections to the scope of the subpoena and refused to continue the meet-and-confer process unless Plaintiff agreed to his demands (Doc. 44). As a result, the parties were unable to reach an agreement upon a forensic examiner, and Plaintiff requested that the Court appoint Consilio, a third-party discovery vendor it has worked with

in the past (*Id.*). At the same time, Defendant failed to comply with the Court's directive that he show cause within fourteen days why he should not be found in contempt.[1]

The Court held a show cause hearing on November 7, 2024 (Docs. 41, 48). After the hearing, the Court ordered Defendant's counsel to provide Plaintiff's counsel with the size of the email accounts to be searched as well as any other information necessary for potential forensic examiners to provide estimates as soon as practicable (Doc. 50). The Court then ordered the parties to confer and exchange proposals for potential forensic examiners on or before November 13, 2024. If the parties were able to agree on a forensic examiner, they were to file a notice with the Court on or before November 15, 2024. If they were unable to agree, they were to each file separate proposals on or before November 15, 2024. The Court deferred ruling on the issue of which party would be responsible for paying the costs of the selected forensic examiner, and whether Defendant should be found in contempt. The Court also ordered Plaintiff to submit the attorney's fees and costs it incurred in bringing its Motion for Sanctions and to Compel on or before November 15, 2024 (*Id.*).

On November 15, 2024, each party filed notices informing the Court that they were unable to agree on the selection of a forensic examiner (Docs. 51, 53). Plaintiff's notice states that, despite repeated requests, Defendant failed to provide Plaintiff with any information regarding the size of Defendant's email accounts before the parties' meet-and-confer on November 13, 2024 (Doc. 51).[2] As a result, Plaintiff was unable to timely provide Defendant

---

[1] Defendant later filed a Response to Order to Show Cause on November 6, 2024, one day before the show cause hearing and forty-five days after the Court entered the Show Cause Order (Doc. 46).

[2] Plaintiff requested this information through emails to Defendant on November 8, November 11, November 12, and November 13 (Doc. 51 at 2; Doc. 51-3). Defendant failed to respond to these inquiries with the requested information.

3

with an estimate from its potential forensic examiner. Moreover, Defendant did not obtain any of his own estimates, stating that his potential vendors needed to know the search terms before providing any estimates. As Plaintiff highlights, however, the Court ordered the forensic examination to be done using the search terms Plaintiff previously provided to Defendant (Doc. 34; *see* Doc. 31-29). And, crucially, if there was any confusion regarding the search terms, Defendant could have responded to Plaintiff's emails requesting this information. Finally, even if Defendant was precluded from obtaining estimates based on legitimate confusion over search terms, this fact should not have impacted Defendant's ability to provide the size of the email accounts to Plaintiff before the meet-and-confer. Defendant ultimately provided the information regarding the size of the email accounts during or immediately after the parties' meet-and-confer on November 13, 2024, and Plaintiff was able to obtain an estimate from its preferred vendor before the November 15 deadline to notify the Court (Doc. 51).[3]

Defendant's notice, while purporting to dispute "the non-responsive content" contained in Plaintiff's notice, does not challenge Plaintiff's characterization of events (Doc. 53). Instead, Defendant challenges Plaintiff's assertion that any objections to search terms were waived and argues that Plaintiff's proposed search terms are significantly broader than appropriate for the Subpoena. Defendant then provided two quotes from vendors using his proposed search terms (Docs. 53-1, 53-2). As Plaintiff raised in its Notice, the Court ordered

---

[3] In addition, during the parties' meet-and-confer, Defendant contended that the forensic examination does not apply to his personal email accounts (Doc. 51-4). Because Defendant did not raise this argument in his notice, the Court need not analyze the issue. Nonetheless, for purposes of clarity, the Court confirms that Defendant's work email and personal email are both subject to forensic examination.

4

the forensic examination in this matter to be completed using the search terms Plaintiff previously provided to Defendant (Doc. 34). As a result, Defendant's proposed estimates are not viable options.

Considering the foregoing, the Court appoints Consilio, Plaintiff's preferred vendor, to conduct the forensic examination. Moreover, considering Defendant's actions in this case, Defendant should bear the costs of the forensic examination. *See Classic Soft Trim, Inc. v. Albert*, No. 6:18-cv-1237-Orl-78GJK, 2020 WL 6734369, at *9 (M.D. Fla. Jun. 15, 2020) ("Generally, the responding party is presumed to bear its costs of complying with discovery requests."); *CHG Med. Staffing, Inc. v. Shafer*, No. 23-61703-CIV, 2024 WL 4881027, at *1 (S.D. Fla. Feb. 1, 2024) ("The parties are in this position because of [Defendant's] actions. It neither seems fair, nor logical, to then require Plaintiff to bear the cost to attempt to recover the evidence that [Defendant] potentially destroyed."); *Rivera v. Ore Seafood, Inc.*, No. 10-10053-CIV, 2013 WL 12248170, at *1 (S.D. Fla. Feb. 22, 2013) (granting Plaintiff's request to have Defendants pay costs associated with forensic examination of Defendants' computers).

Accordingly, it is **ORDERED**:

(1) Consilio is appointed to conduct the forensic examination of Defendant's electronic devices and the following email accounts: lee@segalschuh.com; leesegal31@gmail.com; and lee_esquire@hotmail.com.[4]  The forensic examination shall be conducted in the manner prescribed by the Court in its September 23, 2024 Order (Doc. 34).

---

[4] If Defendant is unable to gain access to the Hotmail account, it will not be included in the forensic examination.

(2) Defendant shall be responsible for the costs of the forensic examination.

(3) Defendant shall provide the forensic examiner with all information needed to begin the forensic examination within fourteen days from the date of this Order.

**ORDERED** in Tampa, Florida on December 17, 2024.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE